09-5017-ag
Sow v. Holder

BIA
Elstein, IJ
A098 587 051

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges.*

_____

MAMADOU SOW,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

09-5017-ag
NAC

_____

FOR PETITIONER:          Ronald S. Salomon, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Channah M. Farber, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mamadou Sow, a native and citizen of Guinea, seeks review of a November 4, 2009, order of the BIA, affirming the March 10, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein, pretermitting his asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mamadou Sow*, No. A098 587 051 (B.I.A. Nov. 4, 2009), *aff'g* No. A098 587 051 (Immig. Ct. N.Y. City Mar. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, Sow concedes that this Court is without jurisdiction to consider the IJ's pretermission of his asylum application. *See* 8 U.S.C. § 1158(a)(3). We therefore

-2-

review only his challenge to the agency's denial of his application for withholding of removal and CAT relief.

Substantial evidence supports the IJ's adverse credibility determination.[1] The IJ found that: (1) although Sow testified that he was not injured when soldiers came to his home in 1998, he stated in his asylum application that the soldiers beat him "nearly to death"; (2) although Sow testified that, during his alleged detention, prison guards interrogated him only once and did not harm him, his wife's letter and his asylum application both stated that the guards threatened, beat, interrogated, and tortured him; and (3) although Sow testified that he was imprisoned from March 2003 to March 2004, his asylum application indicated that he was imprisoned from September 2003 to March 2004. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo v. INS,* 232 F.3d 279, 285-86 (2d Cir. 2000), the multiple discrepancies here were not isolated, and related to events at the heart of Sow's claim – that he suffered past persecution and feared future persecution based on his

_____

[1]Because Sow filed his asylum application before May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply to his asylum application. *See* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

membership in the Rally for the People of Guinea.

The IJ also reasonably found Sow's testimony implausible, as he testified that, although he was not in contact with his wife while he was imprisoned from March 2003 to March 2004, his wife was pregnant for eleven months before she gave birth to his child in February 2004. Given the inherent implausibility of that testimony, the IJ reasonably relied on this finding as further support for the adverse credibility determination. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (holding that "[an IJ's speculation] is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

Furthermore, contrary to Sow's position, a reasonable fact-finder would not be compelled to conclude that the agency ignored any of the evidence that he submitted. Indeed, the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings." *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Here, both the BIA and the IJ

considered Sow's evidence in some detail and found him not credible.

Accordingly, substantial evidence supports the agency's adverse credibility determination. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc). Because the only evidence of a threat to Sow's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk